UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELIZABETH KINNEY,

    Plaintiff,

vs.                                                  Case No. 3:18-cv-814-J-34JRK

KIMCO FACILITY SERVICES, LLC.,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Plaintiff originally filed this lawsuit in the Fourth Judicial Circuit Court in and for Duval County, Florida. See Second Amended Complaint (Doc. 2; Complaint). On June 27, 2018, the Defendant, Kimco Facility Services, LLC. (Kimco), filed a Notice of Removal (Doc. 1; Notice) notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice at 2-3. Specifically, the Defendant asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. See id. In support of this assertion, the Defendant declares that "Plaintiff was (and still is) a Florida resident" and "Defendant, KIMCO FAILITIES SERVICES, LLC., was and is a Georgia limited liability company." Id. at 2. Defendant's allegations are insufficient to establish jurisdiction over this matter.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30,

48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'"). Similarly, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members. See id. at 1021-22; 28 U.S.C. § 1332(c)(1).

With this law in place, further clarification is required from the Defendant to establish the Court's diversity jurisdiction over this matter. First, the Defendant must specify Plaintiff's citizenship, rather than merely her residence. Similarly, Defendant must identify the citizenship of each member of Kimco, rather than merely alleging the state in which Kimco is a limited liability corporation. In this regard, the Defendant is advised that each member of Kimco must have their individual citizenship properly alleged, whether that member be an individual, corporation, LLC, or other entity. Without this additional information, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[1]

---

[1] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

In light of the foregoing, the Court will give the Defendant an opportunity to file an amended Notice of Removal which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action.[2]

Accordingly, it is hereby

**ORDERED**:

1. The Defendant's Notice of Removal (Doc. 1) is **STRICKEN**.

2. Defendant shall file an amended notice of removal curing the jurisdictional deficiencies on or before July 10, 2018. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** at Jacksonville, Florida on June 29, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").